# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN YOVANI HERNANDEZ LOVO,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | Case No.  1: 22-cv-00220-AWI-SAB<br><br>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY MICHIGAN DEPARTMENT OF CORRECTIONS AND DIRECTING CLERK OF THE COURT TO ISSUE PRISONER NEW CASE DOCUMENTS<br><br>(ECF No. 4) |

    Plaintiff Cristian Yovani Hernandez Lovo, a prisoner proceeding *pro* se pursuant to 42 U.S.C. §1983, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 4.)  Plaintiff has made the showing required by § 1915(a) and accordingly, the request to proceed *in forma pauperis* will be granted.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments in the amount of twenty percent of the preceding month's income credited to Plaintiff's trust account.  The California Department of Corrections and Rehabilitation is required to send to the Clerk of the Court payments from plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

    Notwithstanding this order, the Court does not direct that service be undertaken until the

Court screens the complaint in due course and issues its screening order. See 28 U.S.C. § 1915(e)(2) ("the court shall dismiss a case if at any time if the Court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (Section 1915 "authorizes a court to review a complaint that has been filed *in forma pauperis,* without paying fees and costs, on its own initiative and to decide whether the action has an arguable basis in law before permitting it to proceed."); Ross v. Padres LP, No. 17-CV-1676 JLS (JLB), 2018 WL 280026, at *2 (S.D. Cal. Jan. 3, 2018) ("28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service.").

In accordance with the above and good cause appearing therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis* is GRANTED;

2. **The Director of the Michigan Department of Corrections or their designee shall collect payments from Plaintiff's jail trust account in an amount equal to twenty per cent (20%) of the preceding month's income credited to the detainee's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action;**

3. The Clerk of the Court is directed to serve a copy of this order and a copy of Plaintiff's *in forma pauperis* application on the Director of the Michigan Department of Corrections and Rehabilitation;

4. The Clerk of the Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California, Sacramento Division;

5. The Clerk of the Court is directed to issue prisoner new case documents in this action; and

6. Within **sixty (60) days** of the date of service of this order, Plaintiff shall submit a certified copy of his jail trust account statement for the six-month period immediately preceding the filing of the complaint, if Plaintiff has not already done so.

IT IS SO ORDERED.

Dated: **March 21, 2022**

UNITED STATES MAGISTRATE JUDGE