**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN YOVANI HERNANDEZ LOVO,<br><br>            Plaintiff,<br><br>     v.<br><br>INTERNAL REVENUE SERVICE,<br><br>            Defendant. | Case No. 1:22-cv-00220-AWI-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Cristian Yovani Hernandez Lovo ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil rights action on February 22, 2022, pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is currently incarcerated at Northlake Correctional Facility in Baldwin, Michigan.[1] On February 24, 2022, the Court denied Plaintiff's application to proceed *in forma pauperis* and required Plaintiff to file an amended application. (ECF No. 3.) On March 21, 2022, the Court granted Plaintiff's renewed application to proceed *in forma pauperis*. (ECF No. 5.) On April 12, 2022, the order granting Plaintiff's application was resent to the correctional institution, and on

---

[1] Plaintiff's complaint identifies the P.O. Box for the institution as located in Michigan on page one of the complaint, and in Ohio on the second page. The correct state appears to be Michigan.

1

April 18, 2022, the Clerk of the Court cleared Plaintiff's *in forma pauperis* status. Accordingly, Plaintiff's complaint, filed on February 22, 2022, is currently before the Court for screening.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

In reviewing a *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (quoting Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)) ("where the petitioner is *pro se*, particularly in civil rights cases, [courts should] construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt."); United States v. Qazi, 975 F.3d 989, 992–93 (9th Cir. 2020) ("It is an entrenched principle that *pro se* filings however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers.") (citations and internal quotations omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Service, 572 F.3d

962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff filed this complaint while incarcerated. Plaintiff is not challenging his conditions of confinement. The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names the Internal Revenue Service ("IRS") as the only Defendant in this action. (Compl. 2,[2] ECF No. 1.)

Plaintiff identifies Fresno County as the county of residence of the Defendant IRS. (Compl. 2; ECF No. 1-1 at 1.) The cover sheet states Plaintiff brings this action pursuant to 28 U.S.C. §§ 1361, 1331; 5 U.S.C. § 706, and the CARES Act. (Id.)

Plaintiff claims that in March of 2021, he filed a 1040 tax return for 2019 and 2020 in order to receive EIP CARES Act assistance checks, and Plaintiff has not received such payments nor any response from the IRS despite repeated requests for a response to the IRS. (Compl. 5.) Plaintiff requests a response regarding the checks and outstanding funds; and requests issuance of one check for $1,400 and another for $1,800. (Compl. 6.)

## III.
## DISCUSSION

### A.   Venue in the Eastern District of California

Plaintiff is currently incarcerated in Michigan. It is not clear why Plaintiff has filed this action in the Eastern District of California, however, given the allegation that the IRS is located in Fresno, California, it is possible he received a notification issued from an office in Fresno, California, or previously had some connection to the area at the time his taxes were filed.

Plaintiff is informed that under the express provisions of 28 U.S.C. § 1402(a)(1), the

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

proper venue for a claim for a federal tax refund lies **only in the judicial district in which the Plaintiff resides**, and there is no allegation within the face of the complaint demonstrating that venue is proper. See 28 U.S.C.§ 1346(a)(1)-(2) ("The district courts shall have original jurisdiction . . . of . . . [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws . . .[and] [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department."); 28 U.S.C. § 1402 ("Any civil action in a district court against the United States under subsection (a) of section 1346 of this title may be prosecuted only . . . [e]xcept as provided in paragraph (2), in the judicial district where the plaintiff resides.")[3]; Hanson v. I.R.S., No. CIV. 91-1304-FR, 1991 WL 57014, at *1 (D. Or. Apr. 11, 1991) ("Under the express provisions of 28 U.S.C. § 1402(a)(1), the proper venue for a claim for a federal tax refund lies only in the judicial district in which the plaintiffs reside."); 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary."); Scheafnocker v. Comm'r, No. CIV.S052002DFLPANGGH, 2006 WL 2166718, at *4 (E.D. Cal. June 21, 2006) ("[T]he instant case involves the IRS' levy upon the bank account of a third party to pay the taxes of another and may therefore be pursued as a refund action pursuant to 28 U.S.C. § 1346(a)(1) (authorizing civil actions against the United States for the recovery of wrongfully assessed or collected internal

---

[3] Paragraph (2) pertains to corporations and is not applicable here. 28 U.S.C. § 1402(a)(2) ("In the case of a civil action by a corporation under paragraph (1) of subsection (a) of section 1346, in the judicial district in which is located the principal place of business or principal office or agency of the corporation; or if it has no principal place of business or principal office or agency in any judicial district (A) in the judicial district in which is located the office to which was made the return of the tax in respect of which the claim is made, or (B) if no return was made, in the judicial district in which lies the District of Columbia. Notwithstanding the foregoing provisions of this paragraph a district court, for the convenience of the parties and witnesses, in the interest of justice, may transfer any such action to any other district or division.").

revenue taxes), and presumably 26 U.S.C. § 7422(a) (authorizing civil actions on refund or credit claims). Under these provisions, venue is proper 'in the judicial district where the plaintiff resides,' 28 U.S.C. 1402(a)(1), and the action may be filed within two years after an adverse administrative decision, 26 U.S.C. § 6532(a)(1)."), report and recommendation adopted, No. S-05-2002 DFLPANGGH, 2007 WL 954740 (E.D. Cal. Mar. 29, 2007).

Based on the face of the complaint, Plaintiff has not established that the Eastern District of California is the proper venue for this action. However, even if the Court were to presume venue is proper, the Court finds Plaintiff's complaint is deficient as presented for additional reasons. Plaintiff is instructed to consider whether venue is appropriate in this District, as well as the below legal standards, if he chooses to file an amended complaint.

### B.     The CARES Act and Similar Statutory and Regulatory Provisions

The Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), codified in part at Section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, establishes a mechanism for the IRS to issue economic impact payments ("EIPs") to eligible individuals in the form of a tax credit. Scholl v. Mnuchin (Scholl I), 489 F. Supp. 3d 1008, 1020 (N.D. Cal. 2020), appeal dismissed, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020). Plaintiff only specifically references the CARES Act in the complaint, however, there are related statutes and provisions that provide for EIPs. See Wilson v. Dep't of Treasury Internal Revenue Serv., No. 121CV01051NONEEPG, 2021 WL 4306312, at *2 (E.D. Cal. Sept. 22, 2021) ("Three Federal Acts are implicated in this action: the [CARES Act]; the Consolidated Appropriations Act, 2021 (CAA), passed on December 27, 2020, Pub. L. 116-260, 134 Stat. 1182 (2020); and the American Rescue Plan Act of 2021 (ARPA), passed on March 11, 2021, Pub. L. 117-2, 135 Stat. 4."). Each of these acts provided for EIPs (or advanced refunds) to be issued to "eligible individual[s]": $1200.00 under the CARES Act, 26 U.S.C. § 6428(a)-(d); $600 under the CAA, 26 U.S.C. § 6428A(a)-(d); and $1400.00 under the ARPA, 26 U.S.C. § 6428B(a)-(d)." Id.

The Court will first focus its discussion on the claim as presented under the CARES Act, however, Plaintiff's complaint would fail to state a claim under any of these three of the possibly applicable statutes. See Wilson v. Dep't of Treasury Internal Revenue Serv., No. 1:21-CV-1051

JLT EPG, 2022 WL 1307985, at *5 (E.D. Cal. May 2, 2022) (finding plaintiff's failure to adequately allege compliance with the administrative claim requirements under Section 7422(a), was fatal to the claim under each of the three statutes).

Under the CARES Act, § 6428(a), eligible individuals may receive a tax credit in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children. Scholl I, 489 F. Supp. 3d at 1020. This amount is credited against the individual's federal income tax for the year 2020. Id. For purposes of the CARES Act, an eligible individual is defined as "any individual" other than (1) a nonresident alien individual, (2) an individual who is allowed as a dependent deduction on another taxpayer's return, or (3) an estate or trust. Id. at 1021 (citing 26 U.S.C. § 6424(d)).

The CARES Act provides that "each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year." Id. (quoting 26 U.S.C. § 6428(f)(1)). Therefore, the Act provides that "if an eligible individual filed a tax return in 2018 or 2019 or filed one of the enumerated Social Security forms, then the Act directs the IRS to treat those taxpayers as eligible for an advance refund of the tax credit." Id. Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020." 26 U.S.C. § 6428(f)(3)(A).

The CARES Act also has a reconciliation provision between the advance refund and the tax credit such that if a taxpayer receives an advance refund of the tax credit, then the amount of the credit is reduced by the aggregate amount of the refund. 26 U.S.C. § 6428(e). Finally, the CARES Act delegates to the Secretary of the Treasury the authority to "prescribe such regulations or other guidance as may be necessary to carry out the purposes of this section, including any such measures as are deemed appropriate to avoid allowing multiple credits or rebates to a taxpayer." 26 U.S.C. § 6428(h).

1. The Scholl Class

In Scholl I, the district court preliminarily certified the following class:

All United States citizens and legal permanent residents who:

>   (a) are or were incarcerated (i.e., confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) in the United States, or have been held to have violated a condition of parole or probation imposed under federal or state law, at any time from March 27, 2020 to the present;
>
>   (b) filed a tax return in 2018 or 2019, or were exempt from a filing obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year;
>
>   (c) were not claimed as a dependent on another person's tax return; and
>
>   (d) filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.
>
>   Excluded from the class are estates and trusts; defendants; the officers, directors, or employees of any defendant agency; and, any judicial officer presiding over this action and his/her immediate family and judicial staff.

Scholl I, 489 F. Supp. 3d at 1047. In Scholl v. Mnuchin (Scholl II), 494 F. Supp. 3d 661 (N.D. Cal. 2020), the court granted final certification of this class and entered the following declaratory relief:

>   [T]he court finds and declares that title 26 U.S.C. § 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated. The court further finds and declares that defendants' policy that persons who are or were incarcerated at any time in 2020 were ineligible for advance refunds under the Act is both arbitrary and capricious and not in accordance with law.

Scholl II, 494 F. Supp. 3d at 692. A permanent injunction was entered and defendants were to reconsider EIPs that were denied solely due to an individual's incarcerated status. Id. at 692–93. With respect to specific payments the court stated:

>   The court takes no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments. Indeed, the court's [Federal Rule of Civil Procedure] 23(b)(2) finding was premised on the "indivisible nature of the injunctive or declaratory remedy warranted" but not "an individualized award of monetary damages." Dkt. 50 at 42 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360–61, 131 S.Ct. 2541, 180 L.Ed. 2d 374 (2011)). The court's determination in this order is that the IRS's action was "arbitrary, capricious, . . . or otherwise not in accordance with law" and the appropriate remedy is to "hold unlawful and set aside" that agency

> action.  5 U.S.C. § 706(2).  It is incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an "eligible individual" and meets the various criteria delineated in the Act.

Id. at 691.

Here, Plaintiff is currently incarcerated and alleges the IRS has not provided the EIPs owed to him under the CARES Act.  For relief he seeks the Court require the IRS to provide him all remaining EIPs.  To the extent he alleges the IRS has been nonresponsive to his requests for payment of the EIPs because of his incarcerated status, Plaintiff would be a member of the Scholl class and therefore not entitled to separate individual relief.  See Randle v. Internal Revenue Serv., No. 21-CV-05058-PJH, 2021 WL 4061727, at *3 (N.D. Cal. Sept. 7, 2021) ("To the extent plaintiff argues that his EIP was denied due to his incarcerated status, he is already a member of the *Scholl* class; therefore, he is not entitled to separate individual relief.  An individual suit for injunctive and equitable relief may be dismissed when it duplicates an existing class action's allegations and prayer for relief."); Edmisten v. Internal Revenue Serv., No. 321CV00232MMDWGC, 2021 WL 5177460, at *4 (D. Nev. Aug. 19, 2021) (same), report and recommendation adopted, No. 321CV00232MMDWGC, 2021 WL 4263174 (D. Nev. Sept. 20, 2021); Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc) ("Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action.").

This Court, in a similar action, found the plaintiff there would be a member of the Scholl class, and therefore not entitled to compel individual relief from this Court, with the claims additionally being foreclosed due to the expiration of the CARES Act's deadline of December 31, 2020, for EIPS, as well as finding the Court lacked jurisdiction based on the face of the complaint, because it was not clear whether the plaintiff's alleged communications with the IRS established that he had filed a required administrative claim with the IRS.  See Ross v. Bolin, No. 121CV01753JLTSAB, 2022 WL 525460 (E.D. Cal. Feb. 22, 2022).  The Court notes that more

recently, another Magistrate Judge in this District allowed a complaint with similar allegations to proceed past screening and allowed service on the IRS. See Wilson, 2021 WL 4306312, at *6–7 ("Plaintiff asserts that despite filing income tax returns and writing letters to the IRS, he has not received any of the EIPs provided by the CARES Act, the CAA, or the ARPA . . . Given the legal discussion above [of the Scholl class], and Plaintiff's allegation that he failed to receive payments due to his incarcerated status, the Court will allow his claim to proceed past the screening stage."). Nonetheless, the Wilson court subsequently granted a motion to dismiss based on the expiration of the December 31, 2020 deadline for refund payments:

> Wilson contends he is incarcerated and alleges the IRS did not issue "his rightful Economic Impact Payments seemingly because [he] is currently incarcerated. (Doc. 1 at 3.) Importantly, however, Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020." 26 U.S.C. § 6428(f)(3)(A). Thus, the CARES Act imposed a clear deadline of December 31, 2020 for making any economic impact payments. *Id*; *see also Scholl I*, 489 F. Supp. 3d at 1043 ("The CARES Act places an unambiguous deadline on advance refund payments of December 31, 2020."). That deadline expired many months before Wilson filed his complaint on July 6, 2021, and no more funds may be issued. Accordingly, Wilson is unable to state a cognizable claim—and the Court is unable to grant the relief requested—under the CARES Act . . .

Wilson, 2022 WL 1307985, at *4 (E.D. Cal. May 2, 2022).[4]

Plaintiff complaint thus does not demonstrate he is entitled to the relief he seeks pursuant to the CARES Act. Further, the CARES Act imposed a deadline of December 31, 2020, for EIPs to be made or allowed. 26 U.S.C. § 6428(f)(3)(A). Plaintiff specifically alleges in the complaint that he did not file a tax return for 2019 until March of 2021, and thus the claim additional fails for this reason. Edmisten, 2021 WL 5177460, at *5 ("As Chief Judge Hamilton noted, the court cannot effectuate the relief Plaintiff seeks under the CARES Act for the first EIP, as the deadline for disbursement of funds under the CARES Act has passed."); Randle, 2021 WL 4061727, at *3 ("More importantly, funds cannot now be distributed pursuant to the CARES Act. As noted above, the CARES Act imposed a deadline of December 31, 2020, for EIPs to be made or

---

[4] The Wilson court additionally granted the motion to dismiss for the failure to demonstrate compliance with the administrative claim requirements, which the Court discusses in the following section of this order.

allowed.").

Even if Plaintiff's return was timely filed under the Cares Act or the other statutes discussed above, Plaintiff's recourse is through the IRS, and Plaintiff has not demonstrated proper compliance with the administrative filing requirements, as discussed in the next section. Edmisten, 2021 WL 5177460, at *5 ("Plaintiff's remedy, it seems, with respect to the first EIP, is to apply for the funds under the 2020 Recovery Rebate Credit. As to the third EIP, the IRS has indicated that it will continue processing the third EIP claims throughout 2021, so it is possible if he was otherwise eligible, and properly applied, that the claim has simply not been processed yet. In other words, Plaintiff's recourse is through the IRS and not the courts."). Any tax rebate Plaintiff might be eligible for must be applied for through his tax return, as it is the responsibility of the IRS, not the Court, to make determinations on rebate or credit eligibility. 26 U.S.C. § 6428(f)(3)(B). Accordingly, Plaintiff's claims fail as presented under the CARES Act.

### C. Jurisdictional Requirements Relating to Administrative Claim Procedure

Pursuant to 28 U.S.C. § 1346, the United States consents to be sued in the district court for refund of taxes. 28 U.S.C. § 1346(a)(1). But, the United States consents to be sued for a tax refund only where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a), which states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a).

Furthermore, "No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates." 26 U.S.C. § 6532(a)(1).

Simply put, before filing suit in federal court for credit or refund of overpaid taxes, a

taxpayer must first comply with the tax refund scheme established in the Code by filing an administrative claim with the IRS. U.S. v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 4 (2008); Omohundro v. United States, 300 F.3d 1065, 1066 (9th Cir. 2002); see 26 U.S.C. § 7422(a) (2002). Therefore, unless the taxpayer has "duly filed" a claim with the IRS for a refund of Federal taxes, the district court is without jurisdiction over the claim for a refund. Danoff v. U.S., 324 F. Supp. 2d 1086, 1092 (C.D. Cal. 2004).

Furthermore, to overcome sovereign immunity in a tax refund action, the taxpayer must file a refund claim with the IRS within the time limits established by the Internal Revenue Code. N. Life Ins. Co. v. United States, 685 F.2d 277, 279 (9th Cir. 1982). "The filing of a timely claim is jurisdictional for a refund suit and cannot be waived." Id. The IRS regulations require that the administrative claim must be filed:

> within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. § 6511(a). The tax code makes it clear that "unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund . . . may not be maintained in any court." Clintwood Elkhorn Min. Co., 553 U.S. at 5 (quoting U.S. v. Dalm, 494 U.S. 596, 602 (1990).)

"A taxpayer's failure to file an administrative claim within the time periods imposed by statute divests the district court of jurisdiction over an action for a refund or credit." Omohundro, 300 F.3d at 1066–67; Danoff, 324 F. Supp. 2d at 1092. Finally, the statute of limitations is not tolled due to equitable principals. Danoff, 324 F. Supp. 2d at 1099 ("courts uniformly have held that equitable principles, including the doctrine of equitable estoppel, cannot toll statutes of limitation in tax refund suits"). Therefore, there are two distinct hurdles that Plaintiff must overcome to obtain a tax refund. First, Plaintiff must show that he filed his claim for a refund within three years from the time that his return was filed. Id. at 1092. Second, if Plaintiff filed a timely claim, then any refund would be limited by the provisions of § 6511(b)(2). Id.

Here, Plaintiff alleges he inquired into the status of his EIP payments but received no

response from the IRS. In order to bring a suit against the Government to seek his tax refund, Plaintiff was required to file an administrative claim with the IRS. While Plaintiff has alleged that he filed his tax returns, he has failed to allege that he filed an administrative claim as required by § 6511 in order to confer this court with jurisdiction over his claims related to the tax returns. This is similar to the facts of Wilson, wherein the court granted a motion to dismiss following service on the IRS, with leave to amend:

> Wilson does not allege any details asserted in his 1040 tax forms filed in February and March 2021, such that the Court may determine filing the forms satisfied the administrative claim requirement. For example, Wilson does not indicate whether he verified by written declaration that his tax claims were submitted under penalty of perjury; he does not attach any documents to support his assertion of submitting an administratively-compliant claim; and he does not identify what evidence, if any, he submitted to the IRS to support his request the payment of EIPs. *See* 26 C.F.R. § 301.6402-2(b); *Provenzano v. United States,* 123 F. Supp. 2d 554, 557-58 (S.D. Cal. 2020); *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007). This is significant because a taxpayer cannot recover in a lawsuit "for refund on a different ground than that set forth in the claim for refund." *Dunn & Black, P.S.*, 492 F.3d at 1091 (emphasis, citation omitted). The 1040 tax forms Wilson filed also could not encompass the EIPs paid under the American Rescue Plan Act, which was passed on March 11, 2021. 26 U.S.C. § 6428B(a)-(d). Thus, the Court is unable to find Wilson complied with the administrative claim requirements to bring suit under Section 7422(a).
>
> Moreover, the allegation[s] are insufficient to determine Wilson complied with the requirements of Section 6532(a), which provides: "No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time..." 26 U.S.C. § 6532(a). Because Wilson alleges he filed the 1040 tax forms in February 2021 and March 2021, no civil action could be brought prior to August 2021 (for the form filed in February) and September 2021 (for the form filed in March), unless a decision was issued upon his claims. However, Wilson does not allege decisions were issued on his 1040 forms prior to him filing suit. To the contrary, Wilson asserts that he did not receive a refund or responses to any of his letters from the IRS. (Doc. 1 at 3.) For this reason as well, it appears the Court lacks jurisdiction over the claim for a tax refund.

Wilson, 2022 WL 1307985, at *5 (E.D. Cal. May 2, 2022). Plaintiff does not provide any information concerning when, or the form of requests he is alleged to have sent to the IRS regarding his claims, and thus has not demonstrated compliance with the administrative claim

requirements for his alleged claim.

Accordingly, the Court finds that it lacks jurisdiction over the matter.

**IV.**

**CONCLUSION AND ORDER**

Based on review of the complaint in this action, Plaintiff has not established proper venue, Plaintiff has failed to state any cognizable claim for a violation of his federal or state rights in this action, and the Court does not have jurisdiction to consider Plaintiff's claims based upon the filing of his tax returns.

Nonetheless, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must also state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927. Absent court approval, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." E.D. Cal. L.R. 220.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order;
3. The first amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

4. If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to a District Judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:  **May 5, 2022**

UNITED STATES MAGISTRATE JUDGE